IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIRZA HYDER ALI, AND ALL OTHERS SIMILARLY SITUATED PLAINTIFFS, | ) ) ) ) | Civil Action File No. |
| v. | ) ) ) | Jury Demanded |
| BNS MANAGEMENT, INC., PUSHP KUMAR JAIN AND SUNITA JAIN DEFENDANTS. | ) ) ) ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, MIRZA HYDER ALI, and all others similarly situated, and complain of Defendants BNS Management, Inc., Pushp Kumar Jain and Sunita Jain (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); as such, the action is authorized and instituted pursuant to a federal statute.

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Plaintiff Mirza Hyder Ali ("Mr. Ali" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendants.

## II.
## JURISDICTION AND VENUE

3. Mr. Ali, on his behalf and on behalf of the plaintiff class, brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA.

1

4. The Honorable Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over the Defendants because Defendants routinely conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Mirza Hyder Ali**, Plaintiff, is a resident of Harris County, Texas.

8. **Members of the "Plaintiff Class"** are current and former hourly and non-exempt salaried employees of Defendants who work, or have worked, at Defendants' business establishment doing business as "Exxon Food Mart Deli".

9. Defendant, **BNS Management, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Pushp Kumar Jain, at his residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where he may be found. This Defendant is part of an 'enterprise' that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including Exxon Food Mart Deli. This defendant is an employer, joint employer and/or an integrated enterprise.

10. Defendant, **Pushp Kumar Jain,** is an individual who may be served with summons and complaint at his residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where he may be found. This Defendant, along with Defendant Sunita Jain, owns and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including

2

but not limited to the business establishments owned and operated by the named legal entity Defendants. As an 'employer' and/or 'joint employer', Mr. Jain is personally and individually liable to Plaintiff and members of the Plaintiff Class.

11. Defendant, **Sunita Jain,** is an individual who may be served with summons and complaint at her residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where she may be found. This Defendant, along with Defendant Pushp Kumar Jain, owns and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants. As an 'employer' and/or 'joint employer', Ms. Jain is personally and individually liable to Plaintiff and members of the Plaintiff Class.

12. Whenever in this complaint it is alleged that the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

13. At all material times, Defendants have been an 'enterprise' within the meaning of 29 U.S.C. § 203(r). Defendants Pushp Kumar Jain and Sunita Jain are married to one another, and they collectively own and operate the gasoline station, deli and convenience store doing business as Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530. The business is an enterprise, in that it performs related activities (i.e., convenience store / gasoline station / deli), performed through common control, by related individuals for a common business purpose.

# IV.
## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

14. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

15. The three-year statute of limitations of the FLSA is appropriate because the Defendants willfully violated the FLSA, in that Defendants have shown reckless disregard in their failure to comply with almost all requirements of the FLSA, and in particular with the overtime provisions of the FLSA.

16. During the relevant period, Defendants have been Plaintiff's 'employer' under 29 U.S.C. § 203(d), which the Supreme Court has recognized as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

17. Further, in the context of the FLSA, the term 'employer' encompasses one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc*., 508 F.2d 297 (5th Cir. 1975). Defendants were Plaintiff's joint employer.

18. Because the Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class, the Defendants collectively were the employer of members of the Plaintiff Class.

19. Defendants are an integrated enterprise. Because the Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff

4

Class, the Defendants collectively were the employer of members of the Plaintiff Class.

20. At all material times, Plaintiff and all members of the Plaintiff Class have been employees within the meaning of 29 U.S.C. § 203(e).

## V.
## "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

21. The Defendants were subject to the requirements of the FLSA because both enterprise and individual based coverage existed during the relevant period.

22. Individual coverage under the FLSA exists because at all material times, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce. 29 U.S.C. §§ 206-207. In dispensing his duties for the Defendants as a gas station / convenience store clerk, Plaintiff was engaged in interstate commerce. 29 U.S.C. §207(a)(2)(C). Plaintiff sold gasoline to customers and businesses' employees who were either travelling between states or had travelled to or from other states. Additionally, Plaintiff sold many other items made out of state including tobacco, alcohol, food, magazines, and lottery tickets for multi-state lotteries. Plaintiff also utilized interstate lines of communication relating to telephone and credit card processing, and verifying checks from out of state accounts.

23. Alternatively, enterprise coverage under FLSA exists because (1) Defendants have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) during the relevant 3-year period, the annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. §203(s)(1)(A)(i)-(ii).

24. Defendants' enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A).

25. In the course of owning and operating a gasoline station / convenience store / deli, Defendants' employees regularly utilize the instrumentalities of interstate commerce (i.e., mail,

telephone, credit cards, banks, etc.), and regularly handle materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.). Defendants are thus "engaged in commerce" and have worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

26. Further, during his employment, Plaintiff assisted many out-of-state customers because he observed out-of-state addresses on customer ID's to whom he sold alcohol, and many out-of-state license plates of vehicles to whom he sold gasoline. *See, Hajiani v. Rose Servs.*, 2013 U.S. Dist. LEXIS 83783, *4-6, 20 Wage & Hour Cas. 2d (BNA) 1606, 2013 WL 2951062; *Khurana v. JMP USA, Inc.*, 2017 U.S. Dist. LEXIS 52063, *10-11, 2017 WL 1251102; *Brennan v. Ventimiglia*, 356 F. Supp. 281, 282-283, 1973 U.S. Dist. LEXIS 14138, *2-5.

27. Therefore, Defendants' employees, including Plaintiff, were engaged in commerce or in the production of goods for commerce, and/or were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

28. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, the Defendants had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

29. Defendants are an enterprise under 29 U.S.C. §203(r)(1). Defendants collectively are engaged in related activities that are performed under common control by the individual Defendants, for a common business purpose.

30. Defendants are a joint employer for purposes of this collective action. 29 C.F.R. §791.2(b). In particular, as employers the Defendants are not completely disassociated with

respect to the employment of members of the Plaintiff Class, and are thus deemed to share control of these employees, directly or indirectly, by reason of the fact that Defendants' business is under common control. 29 C.F.R. §791.2(b)(3).

31. Defendants are an integrated enterprise in this collective action. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

32. The individual Defendants – Pushp Kumar Jain and Sunita Jain – jointly own and operate the named legal entity Defendant, BNS Management, Inc.

33. BNS Management, Inc. owns and operates the Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530.

34. The individual Defendants are the owners, directors, and officers of BNS Management, Inc. As such, BNS Management, Inc. is under the common control of Defendants Pushp Kumar Jain and Sunita Jain.

35. As owners, directors, and officers of BNS Management, Inc., Defendants Pushp Kumar Jain and Sunita Jain possess the authority to set wage and overtime policies of all employees of the Exxon Food Mart Deli.

36. The wage and overtime policies Defendants Pushp Kumar Jain and Sunita Jain devised and implemented for the Exxon Food Mart Deli violated the overtime pay provisions of the FLSA as to each employee of such business.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995).

38. The "similarly situated" standard at the initial conditional certification stage is

lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

39. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

40. As such, class certification is appropriate for all employees of the Defendants in this matter because Defendants are related and bound by a common business purpose.

41. Plaintiff seeks notice to issue to all employees of the named Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

42. Defendants have a wide-spread policy and practice of paying their employees' wages by cash (or by check) only at their straight-time hourly rates. For instance, Plaintiff was initially paid his $500 weekly wage in cash, and was later switched to payment of $500.00 by check each week. In either event, Plaintiff did not receive his overtime wages earned.

43. Defendants' policy and practice violates the FLSA because it results in the non-payment of its employees' overtime wages. *See* 29 U.S.C. § 207(a)(1).

44. By failing to properly document all wages owed to members of the Plaintiff Class, the Defendants also committed repeated violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27. Repeated violations of the FLSA's recordkeeping requirements is evidence of willful violation of the FLSA.

45. The individual Defendants – Pushp Kumar Jain and Sunita Jain – jointly own and operate the named legal entity Defendant and its business, and they set this pay policy that affects all employees of the Exxon Food Mart Deli.

46. The policy is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

47. Members of the Plaintiff Class together have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA. As such, other similarly situated employees were denied their lawful wages; Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

48. Further, although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

49. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants have denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

50. The class that Plaintiff seeks to represent is of <u>all current and former employees the Defendants employed during any part of the class period at the Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530, to whom the Defendants failed to pay overtime wages despite such employee having worked more than 40 hours during one or more workweek</u>.

51. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

52. In order to brief the Court in an efficient and effective manner by timely filing a motion for notice and conditional collective action certification, Plaintiff intends to seek discovery within 90 days after the parties' Rule 16 scheduling conference from each Defendant, pertaining to the identity and contact information of all similarly situated employees that, during the past three years, have been employed for at least one workweek at the Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530.

## VII.
## FACTS

53. Mr. Ali worked for the Defendants as a store clerk at the Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530.

54. Mr. Ali's employment began on September 7, 2015, and ended on June 30, 2016.

55. Mr. Ali was promised a fixed wage of $500.00 a week, which he received in cash until January 31, 2016, and via check thereafter.

56. Although he worked overtime during every week of his employment, Mr. Ali did not receive any overtime wages.

57. Throughout his employment, Mr. Ali was required to perform duties that are typically performed by "hourly" or non-exempt employees.

58. Mr. Ali was required to work as follows during each workweek, and at times, required to work more:

- Monday through Saturday: 12:00 p.m. to 1 a.m.
- Sunday: 12:00 p.m. to 12:00 a.m.

59. In performing his duties as a store clerk for the Defendants, Mr. Ali sold gasoline to individual customers and business employees who were either travelling between states or had travelled to or from other states.

60. Plaintiff sold many other items made out of state including tobacco, alcohol, food, magazines, and lottery tickets for multi-state lotteries.

61. Plaintiff utilized interstate lines of communication relating to telephone and credit card processing, and verifying checks from out of state accounts.

62. To maintain the premises, Plaintiff used materials and cleaning supplies that had been moved across state lines (i.e., Clorox bleach, Windex, soaps, detergents, mops, brooms, brushes, towels and other cleaning chemicals).

63. Plaintiff routinely and regularly engaged in these duties and he was thus routinely and regularly engaged in interstate commerce.

## VIII.
## CAUSE OF ACTION
(Failure to pay overtime wages in violation of the FLSA)

64. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

65. Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

66. During his employment, Mr. Ali routinely worked in excess of 40 hours a week.

67. Defendants did not pay Plaintiff his overtime compensation for the weekly hours he worked in excess of 40, for which he now sues pursuant to 29 U.S.C. §§ 206-207.

68. Defendants also failed, and continue to fail, in paying the overtime wages owed to all other similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

69. As such, Defendants violated 29 U.S.C. §201, *et seq.*, by failing to pay Plaintiff and all other similarly situated employees' "overtime" wages.

70. Defendants knowingly and willfully carried out their illegal pattern and practice of not paying their employees' overtime wages, and thereby evaded their legal obligations under 29 U.S.C. §201, *et seq*.

71. Plaintiff and all others similarly situated seek an amount of back-pay equaling the unpaid overtime wages earned from the date they commenced employment for the Defendants until the date of trial (or their last day of employment, if earlier).

72. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as allowed under 29 U.S.C. §216(b), along with post-judgment interest at the highest rate allowed by law.

73. Defendants do not possess contemporaneous, complete and accurate records of the number of hours worked by Plaintiff and by other similarly situated employees.

## IX.
## ATTORNEYS' FEES AND COSTS

74. Plaintiff, and all others similarly situated, seek to recover their attorneys' fees and costs for bringing this action. 29 U.S.C. § 216(b).

## X.
## JURY DEMAND

75. Plaintiff, and all others similarly situated, demand a jury trial on all issues that may be tried to a jury.


# XI.
# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF MIRZA HYDER ALI, and all others similarly situated, respectfully request that upon final hearing, the Court grants Plaintiff and all others similarly situated, joint and several relief against Defendants BNS Management, Inc., Pushp Kumar Jain and Sunita Jain, as follows:

    a.    Order Defendants to reveal the identity and contact information of Defendants' similarly situated non-exempt employees during the three (3) years immediately preceding the filing of this lawsuit;

    b.    Authorize issuance of notice to all such similarly situated employees, informing them of their right to participate in this collective action lawsuit as an opt-in plaintiff;

    c.    Declare the Defendants collectively violated 29 U.S.C. § 207 by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day workweek;

    d.    Enjoin the Defendants from failing to pay their current non-exempt employees at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day workweek;

    e.    Declare that Defendants' violations of the FLSA are willful as to the three-year lookback period and as to liquidated damages;

    f.    Order the Defendants to pay liquidated damages to Plaintiff, and to all others similarly situated, in an amount equal to the unpaid overtime wages;

    g.    Enter an injunction restraining the Defendants from destroying any payroll or other relevant records;

    h.    Order Defendants to pay Plaintiff's and all other similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    i.    Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against Defendants' enterprise; and,

    j.    Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to the Plaintiff, and to all other similarly situated.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: <u>/s/ Salar Ali Ahmed</u>
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff
Mirza Hyder Ali**